UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

| | |
|---|---|
| GARY OAKMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| INTERNATIONAL UNITED AUTOMOBILE AEROSPACE AND AGRICULTURAL WORKERS LOCAL UNION 1714 OF LORDSTOWN, LOCAL UNION 1618 OF DETROIT, GENERAL MOTORS HOURLY RATE EMPLOYEES PENSION PLAN, and FIDELITY INVESTMENTS as plan administrator for The Plan,, | ) Case No. 1:23-cv-00026-GNS |
| | ) |
| Defendants. | ) |

## ANSWER

Defendant General Motors Hourly Rate Employees Pension Plan (the "Plan" or "Defendant Plan"), by counsel, responds to Plaintiff's Complaint as follows:

### I. NATURE OF THE CASE

1. Plaintiff, Gary Oakman (hereinafter "Oakman" or "Plaintiff"), by counsel, brings this Complaint against Defendants, International United Automobile Aerospace and Agricultural Workers Local Union 1714 of Lordstown, OH, ("UAW 1714"), International United Automobile Aerospace and Agricultural Workers Local Union 1618 of Detroit, Michigan ("UAW 1618"), General Motors Hourly Rate Employees Pension Plan ("the Plan"), and Fidelity Investments as plan administrator for the plan (collectively referred to as "Defendants"), alleging a violation of Section 510 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1140, and for enforcement of his rights as protected by ERISA.

**ANSWER:** **Defendant Plan admits that Plaintiff brings this action pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001,** ***et seq.***

("ERISA"), and purports to bring a claim for relief under 29 U.S.C. § 1132(a)(1)(B). **Defendant Plan denies that Defendant Fidelity Investments is the Plan Administrator of the Plan as defined under ERISA. Defendant Plan further denies that Plaintiff is entitled to recover benefits or other requested relief and further denies the remaining allegations in Paragraph 1.**

## II. PARTIES

2. Oakman is a resident of the State of Kentucky, who at relevant times resided within the geographic boundaries of the Western District of Kentucky.

**ANSWER: Defendant Plan is without information or knowledge sufficient to form a belief as to the truth of the allegations regarding Plaintiff's residency. Defendant Plan denies the remaining allegations in Paragraph 2.**

3. GM's Hourly Employees Pension Plan was administered in this District, some or all of the breaches for which relief is sought occurred in this District, and/or because one or more of the Defendants reside in or can be found in this District.

**ANSWER: Defendant Plan denies the allegations in Paragraph 3.**

4. UAW 1618 and UAW 1714 negotiated the Plan and assist in administering and defining the Pension Plan terms.

**ANSWER: Defendant Plan denies the allegations in Paragraph 4.**

5. Fidelity Mutual is the Plan Administrator that administered The Plan in this District, some or all of the breaches for which relief is sought occurred in this District, and/or because one or more of the Defendants reside in or can be found in this District.

**ANSWER: Defendant Plan denies the allegations in Paragraph 5.**

## III. JURISDICTION AND VENUE

6. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 29 U.S.C. § 1132.

**ANSWER: Defendant Plan admits that this Court has subject matter jurisdiction over this case pursuant to 29 U.S.C. § 1132(e)(1) and (f), as well as under 28 U.S.C. § 1331, since this action arises under the laws of the United States. Defendant Plan denies the remaining allegations in Paragraph 6.**

7. The Plan is a "person" within the meaning of 29 U.S.C. § 1002(9).

**ANSWER: Defendant Plan states that Paragraph 7 sets forth a legal conclusion and/or question of law to which no response is required. To the extent a response is required, Defendant Plan admits it is a legal entity. Defendant Plan denies the remaining allegations in Paragraph 7.**

8. Oakman is a "participant" within the meaning of 29 U.S.C. § 1002(7).

**ANSWER: Defendant Plan states that Paragraph 8 sets forth a legal conclusion and/or question of law to which no response is required. To the extent a response is required, Defendant Plan admits that at certain times relevant for this lawsuit, Plaintiff was a participant in the Plan. Defendant Plan denies the remaining allegations in Paragraph 8.**

9. General Motors maintains and sponsors an "employee benefit plan"; and "plan" for its employees as defined by 29 U.S.C. § 1002(1)-(3).

**ANSWER: Defendant Plan states that Paragraph 9 sets forth a legal conclusion and/or question of law to which no response is required. To the extent a response is required, Defendant Plan admits that at times relevant for this lawsuit, General Motors**

**LLC ("GM") maintained and sponsored the Plan. Defendant Plan denies the remaining allegations in Paragraph 9.**

10. Plaintiff has standing to bring this action pursuant to 29 U.S.C. § 1132(a)(1)(B) because Plaintiff brings this action to recover benefits due to him under the terms of the GM Plan, to enforce his rights under the terms of the GM Plan, and/or to clarify his rights to future benefits under the terms of the GM Plan.

**ANSWER: Defendant Plan states that Paragraph 10 sets forth a legal conclusion and/or question of law to which no response is required. To the extent a response is required, Defendant Plan admits that Plaintiff purports to bring a claim for relief under 29 U.S.C. § 1132(a)(1)(B). Defendant Plan denies that Plaintiff is entitled to recover benefits or other requested relief and further denies the remaining allegations in Paragraph 10.**

11. Plaintiff also has standing to bring this action pursuant to 29 U.S.C. § 1132(a)(3)(A) & (B) because Plaintiff brings this action to enjoin acts and practices which violate provisions of ERISA and/or the terms of the GM Plan, and/or to obtain other appropriate equitable relief to redress such violations or to enforce provisions of ERISA or of the GM Plan.

**ANSWER: Defendant Plan states that Paragraph 11 sets forth a legal conclusion and/or question of law to which no response is required. To the extent a response is required, Defendant Plan admits that Plaintiff purports to bring a claim for relief under 29 U.S.C. § 1132(a)(1)(B). Defendant Plan states that whether an entity is acting as a fiduciary under the ERISA, for purposes of an alleged claim under 29 U.S.C. § 1132(a)(3), is a legal question and depends on the facts and circumstances regarding the activities or actions being taken by the entity, since not every activity or action meets the legal requirements of being a fiduciary activity or action under ERISA. Defendant Plan further states that**

**Plaintiff's request for remedies and relief beyond those provided for by 29 U.S.C. § 1132(a)(1)(B) should be dismissed and denied, including any claim for "other appropriate equitable relief" under 29 U.S.C. § 1132(a)(3), because of the existence of adequate relief under 29 U.S.C. § 1132(a)(1)(B). Defendant Plan further denies that Plaintiff is entitled to recover benefits or other requested relief and further denies the remaining allegations in Paragraph 11.**

12. Plaintiff exhausted his administrative remedies under the GM Plan prior to initiating this action.

**ANSWER: To the extent Plaintiff seeks benefits and/or makes claims for benefits under the Plan for which all administrative remedies were not exhausted, Defendant Plan denies the allegations in Paragraph 12.**

13. A substantial part of the events, transactions and occurrences relevant to this lawsuit arose within the geographical environs of the Western District of Kentucky; thus, venue is proper in this Court.

**ANSWER: For purposes of this lawsuit only, Defendant Plan admits venue is proper with this Court. Defendant Plan denies the remaining allegations in Paragraph 13.**

### IV. F<span style="font-variant:small-caps">actual</span> A<span style="font-variant:small-caps">llegations</span>

14. On or about September 27, 1989, Oakman was hired to work at American Sunroof Corporation ("ASC"), a company that was engaged in the business of making convertibles in North Jackson, Ohio.

**ANSWER: Defendant Plan admits that information concerning Plaintiff's claim for pension benefits under the Plan that was provided during the administrative review process to determine eligibility and/or years of service, is set forth in written documents in**

the claim file and those written documents provide the best evidence of their contents. **Defendant Plan denies the remaining allegations in Paragraph 14.**

15. On or about 1993, GM established a joint venture with ASC and moved the production of the Sunfire convertible to Lansing, Michigan and closed the North Jackson, Ohio production facility.

**ANSWER: Defendant Plan admits that information concerning Plaintiff's claim for pension benefits under the Plan that was provided during the administrative review process to determine eligibility and/or years of service, is set forth in written documents in the claim file and those written documents provide the best evidence of their contents. Defendant Plan denies the remaining allegations in Paragraph 15.**

16. On November 11, 1993, UAW 1618 and the Lansing Craft Center, the new GM start-up plant, signed an agreement specifically stating terms under which certain employees of ASC would become GM employees as part of the merger.

**ANSWER: Defendant Plan admits that information concerning Plaintiff's claim for pension benefits under the Plan that was provided during the administrative review process to determine eligibility and/or years of service, is set forth in written documents in the claim file and those written documents provide the best evidence of their contents. Defendant Plan denies the remaining allegations in Paragraph 16.**

17. Oakman, a five-year ASC employee, and fifty other ASC employees were offered the opportunity to become a GM employee on their skilled convertible line at their Lansing, Michigan plant in exchange for additional benefits and pay. These transfer employees were offered super seniority, which meant they would take their hire date at ASC for retirement with GM.

**ANSWER:** **Defendant Plan admits that information concerning Plaintiff's claim for pension benefits under the Plan that was provided during the administrative review process to determine eligibility and/or years of service, is set forth in written documents in the claim file and those written documents provide the best evidence of their contents. Defendant Plan denies the remaining allegations in Paragraph 17.**

18. Shortly thereafter, Oakman accepted a position GM as a transfer employee with super seniority and moved to Lansing to assist with their establishment of the new factory.

**ANSWER:** **Defendant Plan admits that information concerning Plaintiff's claim for pension benefits under the Plan that was provided during the administrative review process to determine eligibility and/or years of service, is set forth in written documents in the claim file and those written documents provide the best evidence of their contents. Defendant Plan denies the remaining allegations in Paragraph 18.**

19. On or about 1995, Oakman applied through UAW to transfer back to the Lordstown, Ohio facility once the Lansing plant was sufficiently established. However, once at the Lordstown facility, all old ASC employees that relocated back to the Lordstown plant after assisting with the start-up plant in Michigan were denied their Super Seniority.

**ANSWER:** **Defendant Plan admits that information concerning Plaintiff's claim for pension benefits under the Plan that was provided during the administrative review process to determine eligibility and/or years of service, is set forth in written documents in the claim file and those written documents provide the best evidence of their contents. Defendant Plan denies the remaining allegations in Paragraph 19.**

20. Numerous employees filed grievances due to their inability to retire according to their contractually articulated retirement dates, and on November 26, 2012, under Grievance No.

1125910, Management and UAW 1714 entered into a mutual agreement again restoring super seniority among Lansing-Lordstown employees.

**ANSWER: Defendant Plan admits that information concerning Plaintiff's claim for pension benefits under the Plan that was provided during the administrative review process to determine eligibility and/or years of service, is set forth in written documents in the claim file and those written documents provide the best evidence of their contents. Defendant Plan denies the remaining allegations in Paragraph 20.**

21. Subsequently, on May 5, 2014, UAW 1714 created a Memorandum of Understanding and a more thorough appellate decision confirming their decision under a grievance filed by James Sinn. The appellate decision stated "The Appellant should not have been put in this position. His seniority dates were set by the UAW – GM National Agreement and a Memorandum of Understanding and should not have changed as a result of a grievance settlement. The appeal is respectfully granted and the seniority dates of all affected employees must be immediately re-visited and corrected. Pursuant to Article 33, Section 2(b) of the UAW Constitution, this matter is closed and there shall be no further appeal."

**ANSWER: Defendant Plan admits that information concerning Plaintiff's claim for pension benefits under the Plan that was provided during the administrative review process to determine eligibility and/or years of service, is set forth in written documents in the claim file and those written documents provide the best evidence of their contents. Defendant Plan denies the remaining allegations in Paragraph 21.**

22. On or about April 8, 2019, Oakman, still with GM, transferred to their Bowling Breen, Kentucky assembly plant.

**ANSWER: Defendant Plan admits that information concerning Plaintiff's claim for pension benefits under the Plan that was provided during the administrative review process to determine eligibility and/or years of service, is set forth in written documents in the claim file and those written documents provide the best evidence of their contents. Defendant Plan denies the remaining allegations in Paragraph 22.**

23. On November 27, 2017, Oakman received a letter from GM stating that his credited service was determined at 28.3 years pursuant to his 1989 ASC start date.

**ANSWER: Defendant Plan admits that information concerning Plaintiff's claim for pension benefits under the Plan that was provided during the administrative review process to determine eligibility and/or years of service, is set forth in written documents in the claim file and those written documents provide the best evidence of their contents. Defendant Plan denies the remaining allegations in Paragraph 23.**

24. However, on March 7, 2019, Oakman received correspondence from the GM Benefits Administrators stating that his seniority had again been reduced back to his GM start date instead of his super seniority date. GM gave little reason for the change.

**ANSWER: Defendant Plan admits that information concerning Plaintiff's claim for pension benefits under the Plan that was provided during the administrative review process to determine eligibility and/or years of service, is set forth in written documents in the claim file and those written documents provide the best evidence of their contents. Defendant Plan denies the remaining allegations in Paragraph 24.**

25. Oakman appealed the decision on March 7, 2019 and July 11, 2022, and he has been denied both times by the Plan.

**ANSWER:** Defendant Plan admits that information concerning Plaintiff's claim for pension benefits under the Plan that was provided during the administrative review process to determine eligibility and/or years of service, is set forth in written documents in the claim file and those written documents provide the best evidence of their contents. Defendant Plan denies the remaining allegations in Paragraph 25.

26. Defendants' denial Oakman's application for his contractually guaranteed pension benefits violates Section 502(a)(1)(B) of ERISA.

**ANSWER:** Defendant Plan denies the allegations in Paragraph 26.

## V. C<span style="font-variant:small-caps">auses of</span> A<span style="font-variant:small-caps">ction</span>

### COUNT I: ERISA – VIOLATION OF SECTION 502(a)(1)(B)

27. Oakman hereby incorporates paragraphs one (1) through twenty-six (26) of his Complaint as if the same were set forth at length herein.

**ANSWER:** Defendant Plan incorporates by reference its answers to paragraphs 1 through 26 as if fully set forth herein.

28. Oakman was a beneficiary in the GM Plan, who is due benefits under the terms of the Plan and seeks to clarify and enforce his rights under the terms of the plan. Specifically, Oakman seeks clarification and enforcement of his proper service credit for the determination of his pension benefit under the Plan.

**ANSWER:** Defendant Plan denies the allegations in Paragraph 28.

29. Defendants interfered with his attainment of his full benefits under the GM Pension Plan in violation of the Employee Retirement Income and Security Act of 1974, as amended, 29 U.S.C. § 1132(1)(B).

**ANSWER:** Defendant Plan denies the allegations in Paragraph 29.

30. Oakman has suffered damages as a result of Defendant's unlawful actions.

**ANSWER: Defendant Plan denies the allegations in Paragraph 30.**

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Gary Oakman, respectfully requests that this Court enter judgment in his favor and award him the following relief:

1. Defendants to restore any and all benefits to which Plaintiff would have been entitled;

2. Defendants to pay Plaintiff for all lost benefits he was entitled to receive in the past but was not paid;

3. Defendants to pay interest on all lost benefit amounts he was entitled to receive in the past but was not paid;

4. Compensation for any and all other damages suffered as a consequence of Defendants' unlawful actions;

5. All costs and attorney's fees incurred as a result of bringing this action;

6. Pre- and post-judgment interest on all sums recoverable: and

7. All other legal and/or equitable relief this Court sees fit to grant.

**ANSWER: Defendant Plan denies that Plaintiff is entitled to any relief herein, and prays that Plaintiff take nothing by his Complaint, for reimbursement of its reasonable attorney's fees and costs, and for all other just and proper relief.**

## ADDITIONAL DEFENSES

Defendant General Motors Hourly Rate Employees Pension Plan (the "Plan" or "Defendant Plan"), by counsel, asserts the following additional defenses to Plaintiff's Complaint:

1. Any allegation not admitted previously in this Answer is hereby denied.

2. The Complaint and each and every purported claim for relief therein fails to state a claim for which relief can be granted.

3. Plaintiff's claims against Defendant Plan, if any, arise under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001, *et seq.* ("ERISA"). To the extent the Complaint makes claims and seeks remedies not provided for under ERISA, those claims and those remedies are pre-empted by ERISA. *Pilot Life v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987).

4. Plaintiff is not entitled to any recovery against Defendant Plan, but if Plaintiff were, any such recovery would be limited by the terms, conditions, limitations, exclusions and other provisions of any applicable employee benefit plan or collective bargaining agreement at issue in this lawsuit.

5. Defendant Plan has not breached any duty or other obligation owed to Plaintiff.

6. Defendant Plan's decisions regarding Plaintiff's claims were neither arbitrary nor capricious nor incorrect.

7. Each and every act or statement done or made with reference to Plaintiff's claim for benefits under the Plan, was a good faith assertion based on the Plan terms, therefore, were privileged and/or justified.

8. Defendant Plan asserts each and every provision of any applicable employee benefit plan or collective bargaining agreement at issue in this lawsuit that is or may be construed as an affirmative defense.

9. Plaintiff's claims are barred or otherwise limited by the terms, conditions, limitations, and exclusions of the Plan.

10. Defendant Plan is entitled to recover its attorney fees incurred in the defense of this matter pursuant to ERISA.

11. Plaintiff's claims are barred by applicable limitations period.

12. To the extent Plaintiff's claims were previously released and/or resolved pursuant to any applicable release agreement, Plaintiff's claims are barred by such release.

13. Plaintiff's request for remedies and relief beyond those provided for by Section 502(a)(1)(B) of ERISA should be dismissed and denied, including any claim for "other appropriate equitable relief" under Section 502(a)(3) of ERISA, because of the existence of adequate relief under Section 1132(a)(1)(B). *Varity Corp. v. Howe*, 516 U.S. 489 (1996).

14. To the extend Plaintiff is seeking any plan benefits for which all administrative remedies were not exhausted, such claims are barred for failure to exhaust administrative remedies.

15. Review of the final claim determination by this Court is limited to consideration of the administrative record, which consists of the claim file and Plan documents that apply to Plaintiff's claim for additional Plan benefits.

16. Alternatively, to the extent any procedural issue is determined to exist, the proper remedy is a remand for further consideration of the claim.

17. Defendant Plan reserves the right to amend this Answer and Additional Defenses as litigation continues.

WHEREFORE, Defendant Plan denies that Plaintiff is entitled to any relief herein, and prays that Plaintiff take nothing by his Complaint, for reimbursement of its reasonable attorneys' fees and costs, and for all other just and proper relief.

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

By: *s/ Michael C. Mohler*
Michael C. Mohler, KY Bar No. 98333
300 N. Meridian St., Suite 2700
Indianapolis, IN 46204
Phone: 317-916-2537
Fax:    317-916-9076
michael.mohler@ogletree.com
ATTORNEYS FOR DEFENDANT
GENERAL MOTORS HOURLY RATE
EMPLOYEES PENSION PLAN

CERTIFICATE OF SERVICE

I hereby certify that the foregoing *ANSWER* was filed electronically on April 17, 2023 and that service of same on all counsel of record will be made by the Court's CM/ECF system as follows:

>Andrew Dutkanych, III
>ad@bdlegal.com
>
>Sarah Guffey
>sguffey@bdlegal.com
>
>Edward Macey
>emacey@uaw.net

I further certify that service was made on the following non-registered ECF counsel of record by placing copies of the foregoing *ANSWER* in envelopes properly addressed to them and with sufficient first-class postage pre-paid:

>NONE

>*s/ Michael C. Mohler*
>Michael C. Mohler